**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

**TRINA MOORE,**                                                              16 Civ. 69 ( )( )
                        **Plaintiff,**

                                                                      **COMPLAINT**
                     **v.**

**NEW YORK CITY TRANSIT AUTHORITY**                               **JURY DEMAND**

                        **Defendant.**

-------------------------------------------------------------------- X

Plaintiff, by her undersigned counsel, as and for her Complaint alleges as follows:

### NATURE OF THE CASE

1. This is an employment-related civil rights lawsuit arising from discrimination on the basis of Plaintiff's sex and race in salary and promotions.

### JURISDICTION AND VENUE

2. This court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 29 U.S.C. §206(d), 42 U.S.C. §2000, AND 42 U.S.C. §1981. This court's supplemental jurisdiction over the claims brought under New York State law is invoked pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 17, 2015, and is awaiting a Right to Sue letter.

### PARTIES

4. Plaintiff Trina Moore is a female of African American descent who was employed by defendant New York City Transit Authority ("NYCTA") as an Executive Agency Counsel Level A. Plaintiff resides at 70 Munn Avenue, Apt. 307, East Orange, New Jersey, 07018.

Plaintiff is, and at all relevant times was, an "employee" as that term is defined at 42 U.S.C. §2000e(f), the N.Y. State Human Rights Law §292(6).

5. Defendant NYCTA is a public authority created pursuant to New York State Law to operate and maintain the bus and subway system in New York City, and also has its headquarters at 130 Livingston Street, Brooklyn, New York. Defendant NYCTA is a subsidiary of defendant the Metropolitan Transportation Authority ("MTA").

**FACTS RELEVANT TO ALL CLAIMS**

6. Plaintiff is, and at all relevant times, was employed by the NYCTA legal department as an Executive Agency Counsel Level A.

7. As an Executive Agency Counsel Level A, Plaintiff defends NYCTA against personal injury lawsuits filed as a result of their operations in New York City.

8. Plaintiff commenced working for the NYCTA in November 2011. She was assigned to the Bronx litigation unit.

9. In January 2014, Plaintiff discovered that several of her white and male colleagues hired around the same time as she, and with similar education, experience and qualifications received a 7% salary increase.

10. Plaintiff inquired of her supervisor the reason she was not included with the employees who received the 7% increase, and requested that she be provided the increase; Plaintiff was told she had reached the maximum salary for her title, which Plaintiff knew was false based on salary information provided to her during orientation by NYCTA.

11. Plaintiff has comparable seniority, merit, quantity or quality of work, education, training or experience to the male and white colleagues who received salary increases.

12. In December 2014, Plaintiff was transferred to the Kings Trial Unit without a salary increase or promotion.

13. In June 2015, Plaintiff became aware that several male and white employees at the same job level as her and/or those hired after her, performing the same duties as her, had been promoted and consequently received salary increases of 10%.

14. Plaintiff inquired of a supervisor and the Human Resources Department the reason she was not provided the 7% salary increase, and why she was not promoted. She was informed by the supervisor and the Human Resources Department that, although the 7% increase was provided to several male and white attorneys, the MTA did not approve of the 7% increase and it could thus not be provided to all Executive Agency Counsels.

15. The supervisor and the Human Resources Department suggested that Plaintiff should request a promotion to Executive Agency Counsel Level B from her immediate supervisor, so that she could at least receive a 10% salary increase.

16. Plaintiff has comparable experience, merit, quantity or quality of work, education, and training to the male and white colleagues who received 7% salary increases and promotions with attendant 10% salary increases.

17. At the end of August 2015, Plaintiff's immediate supervisor formally requested that Plaintiff be promoted to Executive Agency Counsel Level B. To date, Plaintiff has not received the promotion and attendant increase.

18. In November 2015, Plaintiff complained to NYCTA's Human Resources Department that she was not provided the 7% increase despite many inquires and she was not promoted to Executive Agency Counsel Level B at the same time as her white and male colleagues of similar seniority because she is an African American female.

19. NYCTA's Human Resources Representative (the "HR Representative") confirmed that Plaintiff met the criteria for a promotion, that NYCTA had promoted several white and male attorneys who were hired at the same time as or after Plaintiff, and that several white and male attorneys received the 7% increase that Plaintiff was denied.

20. The HR Representative informed Plaintiff that NYCTA has a pattern of compensating its female employees less than comparable male employees.

21. Plaintiff informed the HR Representative that she was entitled to receive, and wanted to be awarded, the 7% increase, applied retroactively to January 2104, and a promotion with its applicable increase, retroactive to June 2015.

22. Although the HR Representative indicated that he would request a meeting with NYCTA's General Counsel, inform him of Plaintiff's requests and provide her with a response. Plaintiff to date has not received a response, and was not provided any salary increase or promotion.

23. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 17, 2015.

## AS AND FOR A FIRST CAUSE OF ACTION

24. The allegations contained in paragraphs 1-23 are incorporated by reference as though fully set forth herein.

25. Defendant, Plaintiff's employer within the meaning of the Equal Pay Act, has discriminated and continues to discriminate against Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 206, *et seq*., as amended by the Equal Pay Act of 1963 ("EPA"), by subjecting her to unequal pay on the basis of sex.

26. Defendant discriminated against Plaintiff by treating her differently from and less preferably than similarly-situated male colleagues who performed jobs which required equal skill, effort, and responsibility, and which were performed under almost identical working conditions. Defendant also discriminated by subjecting the Plaintiff to an inferior title and lower, discriminatory pay for essentially the same work.

27. Plaintiff was hired at a lower position and salary than her male colleagues with comparable seniority, merit, quantity or quality of work, education, training or experience, and denied promotions and raises they were given, because of her sex.

28. Defendant caused, attempted to cause, contributed to, or caused the continuation of the wage rate discrimination based on sex in violation of the EPA. Moreover, Defendant knew or showed reckless disregard for the fact that its conduct was in violation of the EPA.

29. As a result of Defendant's willful conduct, which continues through to the present day, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, other financial loss, and non-economic damages.

30. Plaintiff is therefore entitled to all remedies available for violations of the EPA.

## AS FOR A SECOND CAUSE OF ACTION

31. The allegations contained in paragraphs 1-30 are incorporated by reference as though fully set forth herein.

32. Defendant, Plaintiff's employer within the meaning of the New York Equal Pay Law ("EPL"), has discriminated and continues to discriminate against Plaintiff in violation of New York Labor Law § 194, by subjecting her to unequal pay on the basis of sex.

33. Defendant has discriminated and continues to discriminate against Plaintiff by treating her differently from and less preferably than similarly-situated male employees who

performed jobs which required equal skill, effort, and responsibility, and which were performed under almost identical working conditions. Defendant so discriminated by subjecting the Plaintiff to lower, discriminatory pay for essentially the same work.

34. Defendant caused, attempted to cause, contributed to, or caused the continuation of the wage rate discrimination based on sex in violation of the EPL. Moreover, Defendant willfully violated the EPL by intentionally paying Plaintiff less than men.

35. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of the New York Labor Law.

## AS FOR A THIRD CAUSE OF ACTION

36. The allegations contained in paragraphs 1-35 are incorporated by reference as though fully set forth herein.

37. Defendant has discriminated against Plaintiff in violation of Section 8-107, subdivision 1(a) of the New York City Administrative Code, by subjecting her to different treatment on the basis of her gender and race.

38. Defendant has discriminated against Plaintiff by treating her differently from and less preferably than their similarly-situated male and white employees.

39. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, other financial loss, and non-economic damages.

40. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of the New York City Administrative Code.

## AS FOR A FOURTH CAUSE OF ACTION

41. The allegations contained in paragraphs 1-40 are incorporated by reference as though fully set forth herein.

42. Defendant has discriminated against Plaintiff in violation of Section 296, subdivision 1(a) of the New York Executive Law, by subjecting her to different treatment on the basis of her gender and race.

43. Defendant has discriminated against Plaintiff by treating her differently from and less preferably than similarly-situated male and white employees.

44. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, lost benefits, other financial loss, and non-economic damages.

45. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of the New York Executive Law.

## AS FOR A FIFTH CAUSE OF ACTION

46. The allegations contained in paragraphs 1-45 are incorporated by reference as though fully set forth herein.

47. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et seq.* by discriminating against her on the basis of her sex and race.

48. Plaintiff was singled out and treated differently from her colleagues because of her sex and race, when she was hired at a lower position and salary than her male and white colleagues with comparable seniority, merit, quantity or quality of work, education, training or experience, and was denied raises and promotions given to them.

49. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations of the Title VII of the Civil Rights Act.

## AS FOR A SIXTH CAUSE OF ACTION

50. The allegations contained in paragraphs 1-49 are incorporated by reference as though fully set forth herein.

51. Defendant violated Plaintiff's rights under 42 U.S.C. §1981 by denying her raises and promotion on the basis of her race, and providing raises and promotions to her white colleagues with the same qualifications, or who were less qualified.

52. By reason of Defendant's discrimination, Plaintiff is entitled to all remedies available for violations 42 U.S.C. §1981.

## DAMAGES

53. As a direct result of Defendant's discriminatory actions against Plaintiff, she suffered loss of pay and attendant benefits.

54. As a consequence of Defendant's actions, Plaintiff suffered a loss of reputation, humiliation, and embarrassment.

55. As a direct and proximate result of Defendant's aforedescribed actions, Plaintiff suffered severe emotional distress.

56. As a direct result of Defendant's aforedescribed actions, Plaintiff's ability to advance her career has been severely undercut, causing her a great hardship in trying to obtain any raises or promotions.

57. In acting as they did, Defendant, by its agents and officials, acted willfully, maliciously and recklessly entitling Plaintiff to an award of damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered:

1. Ordering that Plaintiff be immediately promoted to a position equal to the promotion that she was denied.

2. Awarding Plaintiff all lost pay and benefits.

3. Awarding Plaintiff any and all additional statutory damages available under New York Labor Law.

4. Awarding Plaintiff emotional distress damages in the sum of $1 million.

5. Awarding Plaintiff $1 million because of her loss of reputation.

6. Awarding Plaintiff costs and attorneys' fees.

7. Granting such other and further relief as is just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

Dated: New York New York
January 6, 2016

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Attorneys for Plaintiff

By:_____/s/_____
Laine Alida Armstrong (LA3923)
225 Broadway, Suite 1902
New York, New York 10007
(212) 285-1400
laine@advocatedny.com